UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOKOUVI ATCHADE,<br>       *Plaintiff,*<br><br>       -against-<br><br>740 ROAST CORP., 423 ROAST CORP., ALEXANDER PETER XENOPOULOS, and PAX VENTURES, LLC<br><br>       *Defendant(s).* | Index No.<br><br>**COMPLAINT** |

Plaintiff KOKOUVI ATCHADE ("Plaintiff"), by her undersigned attorney, Mohammed Gangat, Esq., complaining of defendant(s) 740 ROAST CORP., 423 ROAST CORP, ALEXANDER PETER XENOPOULOS, and PAX VENTURES, LLC. states as follows:

### NATURE OF ACTION

1.      This is an action to remedy violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  Specifically, Plaintiff brings causes of action for (i) unpaid overtime under the FLSA; (ii) unpaid overtime under the NYLL; and (iii) and retaliatory termination.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter in that Plaintiff asserts claims under federal law and the remaining claims are part of the same case or controversy.

3.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

4.      The Court has personal jurisdiction over the defendants in that this matter arises from their employment of the Plaintiff at a facility located in this district.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff KOKOUVI ATCHADE ("Plaintiff") is an adult over the age of eighteen years old and presently residing in the State of New York.

7. Defendant(s) 740 ROAST CORP., and 423 ROAST CORP,. are New York corporation(s) organized and existing under the laws of New York with its principal place of business in the State of New York.

8. These two corporations operate as a single-integrated enterprise (referred to herein as "Roast Kitchen") in that they share management services, managers and personnel, shared marketing, shared menus, shared recipes and other trade secrets, and shared customers.

9. Defendant ALEXANDER PETER XENOPOULOS is an individual, residing in the State of New York, and is an owner and operator of the corporate defendants.

10. The individual defendant is actively involved in the day-to-day operations of the enterprise.

11. The individual defendant hired Plaintiff.

12. The individual defendant was responsible for determining the terms and conditions of Plaintiff's employment, including setting his rate of pay and overtime designation.

## THE EMPLOYMENT

13. Kokouvi Atchade started working for Roast Kitchen on or about March 2014.

14. He worked at the 740 7th Avenue location in New York City.

15. Kokouvi was hired for the position of a full-time porter, delivery, dishwasher and an all around utility guy. At this time, Kokouvi was paid minimum wage and, time and a half for overtime. He was paid by receiving check.

16. After about six months of work, Kokouvi was promoted to line cook and was paid in the same manner except with a small raise.

17. Around March 2016, Kokouvi was promoted to assistant manager and he started getting a salary of about $1,000 per week and he was averaging 70 hours per week.

18. As assistant manager, Kokouvi's schedule was usually from 12:00PM noon until 12:00 midnight, but often called to come early and stayed late. He constantly worked six days per week but sometimes it was seven days.

19. A typical day for Kokouvi was cooking and worker with customers from 11AM-3PM. At 3:00 he makes a list of what vegetables needs to be prepared and give preparation to cook. This task would take about two hours. The was back to line cook for dinner and stayed until 11pm. He would clean and close the shop up as well.

20. Given Plaintiff's job duties, he was entitled to overtime compensation at a rate of time and one-half his regular hourly rate.

21. Defendants erroneously classified Plaintiff as exempt from overtime and failed to pay him required overtime.

22. In or about December 2018, Plaintiff became aware that the law would change to require that the minimum salary for a full time manager was $1,125, and Plaintiff believed he was entitled to this amount.

23. About two months after the law changing, Plaintiff continued to get $1,000, and complained to the General Manager (Adil Lucero) and said that he is being shortchanged $125.00.

24. The general manager said he will speak to owner (Alexander Peter Xenopoulos). When the manager spoke to Alexander, Alexander said I'm going to take back this last $1,000 check and fix it to pay him $1,125.

25. However, instead of fixing the check, the Alexander came back with a check for Kokouvi to get paid hourly. The rate was $18/Hr and he got paid overtime.

26. Two weeks after this, Alexander started cutting the Hours of Kokouvi and his check got much smaller in amount.

27. On or around March 19th, Kokouvi got a termination letter, stating that he has been terminated since March 13th.

### Count I: Violation of the Fair Labor Standard Act – Unpaid Overtime

28. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs above as if fully set forth within this cause of action.

29. Defendants' annual revenue exceeds $500,000.

30. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

31. At all relevant times, Defendants had a policy and practice of willfully refusing to pay its salary paid employees the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

32. As a result of Defendants' willful failure to compensate Plaintiff with overtime premium for work performed in excess of 40 hours in a workweek, Defendants violated and continues to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

33. Defendants violated the Fair Labor Standards Act in that it did not properly compensate Plaintiff for the overtime hours she worked.

34. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid wages for the legally required amount of overtime compensation for all of the hours worked by her in excess of 40 in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### Count II: Violation of New York Labor Law – Unpaid Overtime

35. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff an amount sufficient to comply with the New York State overtime law which requires that for all hours an employee works in excess of forty hours in a given week, employers pay employees one and one-half times the employees' regular hourly rate.

36. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651 and the regulations thereunder.

37. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff for all overtime hours worked and at overtime rates.

38. Due to Defendant's NYLL violation, Plaintiff is entitled to recover from Defendant, his unpaid wages, maximum liquidated damages, prejudgment interest, and attorneys' fees and costs of the action, pursuant to NYLL § 663(1).

### Count III:
### Retaliatory Termination

39. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

40. Defendants violated the NYLL § 215(a)(3) when they reduced Plaintiff's hours and then terminated Plaintiff's employment in retaliation for requesting he be paid an additional $125 per month in order to meet statutory minimum wage requirements.

41. Defendants are there for liable to Plaintiff for damages under NYLL § 215(2)(a).

**WHEREFORE Plaintiff demands judgment against Defendants, as set forth above and as specifically set forth below:**

a. an award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation, seniority, and other benefits of employment;

b. An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff's emotional distress;

c. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, loss of income, reputational harm, and harm to professional reputation, in an amount to be determined at trial, plus interest;

d. An award of punitive damages in an amount to be determined at trial;

e. Prejudgment interest on all amounts due;

f. An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' attorneys fees and costs to the fullest extent permitted by law;

g. An injunction and order permanently restraining Defendants and its partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

h. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violations the laws of the State of New York and City of New York; and

i. Such other and further relief as the Court may deem just and proper.

**IN THIS ACTION A JURY TRIAL IS BEING DEMANDED BY PLAINTIFF**

Dated: New York, NY
August 6, 2020

**Respectfully Submitted,**

**LAW OFFICE OF MOHAMMED GANGAT**

_____
Mohammed Gangat, Esq.,
675 Third Avenue, Suite 1810
New York, NY 10017
(718) 669-0714
mgangat@gangatpllc.com